FDIC v. Nash                          CV-97-187-JD  02/23/99
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Federal Deposit Insurance Corp.

        v.                              Civil No. 97-187-JD

Gerald Q. Nash
and William P. Korsak


                              O R D E R


        The FDIC moves for reconsideration (document no. 55) of the

court's order (document no. 54) resolving the FDIC's assertion of

privilege with respect to certain documents withheld from

discovery.  In a prior order, dated September 25, 1998, the court

ruled that the FDIC had underestimated the effect of its

inadvertent disclosure to defendants of information otherwise

protected by the attorney-client privilege and ordered the FDIC

to disclose communications on the subjects that had been

disclosed.  With respect to the work product privilege, the court

ruled that the parties had not provided sufficient information

for a reasoned application of the privilege to the withheld

documents, although the FDIC had not waived the privilege through

disclosures to RECOLL employees.  The court ordered the FDIC to

file an amended privilege log with a supporting memorandum or

release all withheld documents.

        In response, the FDIC filed an amended privilege log, in

camera, and a "memorandum" that described in short paragraphs ten items being withheld for privilege and briefly stated the grounds for the privileges asserted. The FDIC provided no legal analysis or discussion with citations to authority to explain the application of the privileges asserted in its "memorandum." <u>Cf.</u> LR 7.1(a)(2) (describing memoranda contents). Based on the FDIC's minimal filing, the court ruled that six items were properly withheld, one item (#79) could not be analyzed because the FDIC had not provided a copy of the document, and three items (#32 and #54, which are the same document, and # 107) were not protected by the privileges asserted by the FDIC.

The documents to be released are a letter from an attorney to an account officer at RECOLL Management Corporation pertaining to issues relevant to the present litigation and RECOLL voucher payment forms pertaining to legal fees. The court ruled that while RECOLL might assert privileges as to the withheld documents, the FDIC had not demonstrated that it also was entitled to assert privileges as to those documents and had failed to show that any applicable privileges had not been waived.

The FDIC now moves for reconsideration arguing that because the court previously held that it had not waived the work product privilege by disclosing privileged information to RECOLL

2

employees, it was entitled to assert the work product privilege as to RECOLL work product documents. The FDIC also apparently believes its right to assert attorney-client privilege with respect to RECOLL documents should have been inferred from the court's determination that the FDIC had not waived the work product privilege by disclosures to employees of RECOLL. In the same order, however, the court noted the different analysis necessary to determine waiver for each privilege. Order, Sept. 25, 1998 at 8. Further, contrary to the FDIC's assumption, the question of its right to assert either privilege on its own behalf or on behalf of RECOLL for RECOLL documents was neither raised nor resolved in that order.

The FDIC now asserts for the first time that the common interest doctrine under the federal common law of attorney-client privilege controls the privilege issue in this case. The FDIC argues it is therefore entitled to assert the attorney-client or work product privileges "with respect to employees and/or attorneys engaged by RECOLL."

The FDIC relies on the common interest doctrine as articulated in In re Regents of University of California, 101 F.3d 1386 (Fed. Cir. 1996) where, in a patent case, the University argued that the attorneys of a company holding an option and license for a University patent also represented the

3

University for purposes of asserting the privilege. Id. at 1389. In that case, the court explained that the existence of the privilege depended on "whether the attorney was acting in a professional relationship to the person asserting the privilege," meaning whether the person asserting the privilege believed he was consulting a lawyer with the manifest intention to seek professional legal advice. Id. at 1390. In a somewhat different context, the First Circuit held that MIT and its audit agency did not have a relationship based on a sufficiently common interest to prevent waiver of the privilege with respect to information disclosed to the agency. United States v. Massachusetts Institute of Technology, 129 F.3d 681, 685-86 (1st Cir. 1997).

RECOLL is not a party to this suit, has not sought to be a party or to assert any privilege on its own behalf in this suit, and the FDIC has filed nothing from RECOLL or any of its employees in support of its motion for reconsideration. Therefore, no new evidence is offered to warrant reconsideration. In addition, the FDIC provides only minimal information about the relationship between itself and RECOLL apparently trying to achieve a common interest for purposes of asserting privilege while avoiding specifics that might impair its defense to the contract between RECOLL and the defendants in this case. By way of explanation, the FDIC says:

> FDIC and RECOLL were engaged in a common endeavor to
> collect moneys owed to FDIC from the defendants in this
> case.  In furtherance of this common purpose, FDIC
> engaged RECOLL and RECOLL engaged employees, including
> attorneys.  Clearly there is a community of interest
> between FDIC and RECOLL.[1]

The FDIC's brief description is missing the essential elements of an attorney-client relationship.  The statement does not show that the FDIC had a relationship with the attorney contacted by RECOLL or that the FDIC sought legal advice from the attorney in question.  The FDIC does not say that RECOLL was authorized to seek legal advice on its behalf, nor does it say that the FDIC sought the particular legal advice pertinent to the letter.

The FDIC's eleventh-hour argument fails to carry its burden to show that the documents are privileged.  See Massachusetts Inst. of Tech., 129 F.3d at 684.  Accordingly, the FDIC's motion for reconsideration (document no. 55) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 23, 1999

cc:   Steven A. Solomon, Esquire
      Frank M. Cadigan Jr., Esquire
      Daniel W. Sklar, Esquire

_____

[1]The FDIC does not support its description with evidence, such as an affidavit.

5